USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ECHO WESTLEY DIXON,

                Petitioner,

-v-

SUPERINTENDENT MICHAEL P. MCGINNIS,

                Respondent.

No. 06 Civ. 39 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of Petitioner's September 28, 2009 letter, which is replete with accusations against the judiciary generally and this Court specifically, as well as broad-brush challenges to the constitutionality of several statutes. Most of the claims in the letter relate directly or indirectly to the merits of Petitioner's habeas petition, which has been referred to Magistrate Judge Maas for a Report and Recommendation. As the Court noted in its March 27, 2009 Order, "no additional submissions by either party are authorized at this time." Doc. No. 20. Petitioner's general challenge to the constitutionality of "the one year statute of limitations of, and the entire, Anti-Terrorism Effective Death Penalty Act, the three strike frivolous lawsuit provision and entire Prison Litigation Reform Act . . . as well as the statute of limitations to sue the U.S." will therefore be disregarded, except to the extent that those arguments are already reflected in Petitioner's properly filed submissions.

    Petitioner's request for the Court to recuse itself is also denied. Under 28 U.S.C. § 455(a), recusal is required when a judge's "impartiality might reasonably be questioned." This requires the Court to consider whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v.*

*Lovaglia*, 954 F.3d 811, 815 (2d Cir. 1992). In this case, Petitioner's request for recusal turns on the fact that the Court denied Petitioner's motion for a default judgment, *see* Doc. No. 13, and denied his subsequent request to file an interlocutory appeal from that Order, *see* Doc. No. 25. Although Petitioner may sincerely believe that the Court has erred by failing to grant the relief he has requested, there is no basis for a reasonable person to question the Court's impartiality. To the extent that the request for recusal also turns on bald accusations about the Court's "integrity, honesty and ability to be fair and impartial" and on speculation that it "is probably geriatric, set in its ways, racist, and God knows what else," those amount to baseless conjecture and likewise fail to provide a basis for recusal. Petitioner is reminded, however, that all litigants, including pro se litigants, are expected to conduct themselves professionally and to treat the Court and all other parties with respect. Thus, Plaintiff is advised that further ad hominem attacks may result in fines or dismissal of this action.

SO ORDERED.

Dated:   October 5, 2009
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

<u>A copy of this Order has been mailed to</u>:
Echo Westley Dixon
00A6365
Upstate Correctional Facility
PO Box 2001
Malone, New York 12953

Paul Bernard Lyons
New York State Office of the Attorney General
120 Broadway
New York, New York 10271